PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---------------
No. 96-8382
---------------

D. C. Docket Nos. 7:91-CR-7-3WDO and 7:96-CV-6-WDO

ROBBIE DALE BAZEMORE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

---------------
Appeal from the United States District Court for the
Middle District of Georgia
---------------

**(April 10, 1998)**

Before HATCHETT, Chief Judge, GODBOLD and RONEY, Senior Circuit Judges.

RONEY, Senior Circuit Judge:

Robbie Dale Bazemore appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his conviction for using or carrying a firearm in connection with a drug trafficking crime. He argues that the Supreme Court's decision in *Bailey v. United States*, 116 S.Ct. 501 (1995), requires this court to set aside his conviction. Bazemore believes that *Bailey* stands for

the proposition that the conduct he pled guilty to, participating in a drug trafficking crime in which a co-defendant carried a weapon, did not violate 18 U.S.C. § 924(c). We agree with the district court that Bazemore is not entitled to the relief he seeks because *Bailey* defendants may still be convicted under section 924(c) if they aided and abetted a co-defendant who carried a gun.

On October 22, 1991, appellant Robbie Dale Bazemore pleaded guilty to possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 846, 841(a)(1) (1994), and to using or carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (1994). Before accepting the guilty plea, the court advised the defendant of his rights and properly followed the plea procedures required by Fed. R. Crim. P. 11. At his Rule 11 hearing, Bazemore admitted that he and his co-defendants William Abercrombie and Louis Spivey had entered into a conspiracy to purchase 50 pounds of marijuana from an undercover agent of the Georgia Bureau of Investigation. On May 14, 1991, Bazemore and Spivey drove separate vehicles to a local mall, where they had arranged to buy the marijuana. Abercrombie, who carried a 9 mm pistol in the waistband of his pants, traveled to the mall as a passenger in Bazemore's van. Bazemore knew that his passenger was carrying a weapon. When they arrived at the mall, Spivey met the undercover agent and showed him some money. Then Bazemore went over to the undercover vehicle to inspect the marijuana while Abercrombie observed him from the van. As Bazemore was bringing the marijuana back to his van, all three conspirators were arrested by law enforcement officers.

As a prisoner bringing a post-conviction collateral attack on a guilty plea, Bazemore must show that under the Supreme Court's decision in *Bailey*, the conduct to which he pled guilty does

2

not constitute a crime. *See United States v. Brown*, 117 F.3d 471, 476-77 (11th Cir. 1997); *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996).

Bazemore contends that the Supreme Court's recent decision in *Bailey v. United States* requires reversal of his conviction on the gun charge because he did not actively employ a weapon. In *Bailey*, the Supreme Court examined the meaning of the word "use" in 18 U.S.C. § 924(c), which imposes a mandatory five-year consecutive sentence on anyone who "uses or carries a firearm" in connection with a drug trafficking crime or a crime of violence. Prior to *Bailey*, several circuits had held that proximity and ready access to a weapon could constitute "use" in violation of section 924(c). *See Bailey*, 116 S.Ct. At 505. The Court reasoned that this eviscerated the language of the statute, which proscribed either "using" or "carrying" but not possession. Such a broad definition of "use" would leave no room left for "carry." The Court held that a conviction for "use" under section 924(c) requires "active employment of the firearm" as opposed to mere possession. *Id*. At 506. In confining the scope of the "using" prong of the statute, however, the Court made clear that its decision was intended to give new life to the "carry" prong, and the Court remanded the cases under its review for consideration of whether the "carry" prong had been met. *Id*. at 509. Indeed, the Court specifically stated that "[w]hile it is undeniable that the active-employment reading of 'use' restricts the scope of § 924(c)(1), the Government often has other means available to charge offenders who mix guns and drugs." *Id*. at 509. One of these "other means" is aider and abettor liability.

The district court found that Bazemore had aided and abetted his co-defendant in "carrying" the weapon. 18 U.S.C. § 2(a) states that "whoever . . . aids, abets, counsels, commands, induces or

3

procures [a crime's] commission, is punishable as a principal." Because Bazemore assisted Abercrombie in committing the offense, Bazemore is liable for the crime and his plea was properly accepted.

Although the *Bailey* decision narrowed the scope of conduct qualifying for "use" of a firearm under section 924(c), nothing in the opinion suggests that it was intended to provide criminals with immunity from well-established doctrines of criminal law. Aider and abettor liability for section 924(c) offenses was well established in the pre-*Bailey* jurisprudence of this Circuit, *see United States v. Chandler*, 996 F.2d 1073, 1105 (11th Cir. 1993); *United States v. Hamblin, 911 F.2d 551, 557 (11th Cir. 1990); United States v. James*, 528 F.2d 999, 1015 (5th Cir.), *cert. denied*, 429 U.S. 959 (1976), and has also been applied in at least one post-*Bailey* case, *see United States v. DePace*, 120 F.3d 233, 237-38 (11th Cir. 1997). Indeed, every court which has confronted the issue in the wake of *Bailey* has held that aider and abettor liability continues to attach to individuals who assist co-defendants in using or carrying a weapon in connection with drug trafficking. *See United States v. Wilson*, ___ F.3d ___, Nos.95-5581,95-5839, 95-5582, (4th Cir. Jan. 22, 1998); *Barrett v. United States*, 120 F.3d 900, 901 (8th Cir. 1997); *United States v. Malpeso*, 155 F.3d 115, 166-67 (2d Cir.1997); *United States v. Ramirez-Ferrer*, 82 F.3d 1149, 1154 (1st Cir. 1996); *United States v. Price*, 76 F.3d 526, 529 (3d Cir. 1996). Because *Bailey* did not eliminate aider and abettor liability under section 924(c), the facts of Bazemore's case are properly considered under well-established standards for vicarious criminal liability.

To prove aiding and abetting, the government must show "that a substantive offense was committed, that the defendant associated himself with the criminal venture, and that he committed

4

some act which furthered the crime." *United States v. Hamblin*, 911 F.2d 551, 557 (11th Cir. 1990) (citing *United States v. Pareja*, 876 F.2d 1567, 1570 (11th Cir. 1989)). In *Hamblin*, we examined the section 924(c) liability of the driver of a getaway car in several armed bank robberies. We held that although there was insufficient evidence to show that the defendant had known about the gun his accomplice carried in the first robbery, "if the jury believed that Hamblin admitted hearing a shot fired during the first robbery, it could also reasonably believe that he knew Jones would use a gun again in the commission of the fourth robbery." *Hamblin*, 911 F.2d at 559. In addition to knowledge, in order to sustain a conviction under an aiding and abetting theory, there must be some proof "linking" the defendant to the gun, because section 924(c) does not permit "guilt by association." *United States v. Thomas*, 987 F.2d 697, 702 (11th Cir. 1993). In the present case, there was ample evidence linking Bazemore to the gun, because he was the driver of the car which carried both Abercrombie and the gun to the drug deal and because he knowingly accepted the gun's protection while he was inspecting the marijuana.

Bazemore points to recent cases from other circuits requiring a connection between the defendant and the gun. He especially relies on *United States v. Giraldo*, 80 F.3d 667 (2d Cir. 1996). In that case, the Second Circuit held that "proof simply that a defendant knew that a firearm would be carried, even accompanied by proof that he performed some act to facilitate or encourage the underlying crime in connection with which the firearm was carried, is insufficient to support a conviction for aiding and abetting the carrying of a firearm," because the defendant must facilitate the carrying of the firearm rather than assist in the underlying crime. *Giraldo*, 80 F.3d at 676. *See also United States v. Cruz-Rojas*, 101 F.3d 283, 286 (2d Cir. 1996); *United States v. Ramirez-Ferrer*,

82 F.3d 1149, 1154 (1st Cir. 1996); *United States v. Bancalari*, 110 F.3d 1425, 1429-30 (9th Cir. 1997). These cases do not afford Bazemore the relief he seeks, however, because "once knowledge on the part of the aider and abettor is established, it does not take much to satisfy the facilitation element." *United States v. Bennett*, 75 F.3d 40, 45 (1st Cir. 1996). Bazemore's conduct proves that he facilitated the carrying of the firearm. The word "carry" means to "move while supporting." *Webster's Third New International Dictionary* (1966). As the owner and driver of the automobile which carried both Abercrombie and the gun to the drug deal, Bazemore was vital to the transportation of the weapon during the commission of the drug crime. *See United States v. Hamblin*, 911 F.2d at 558-59 (driver of getaway car in armed bank robbery liable under 924(c)); *United States v. Bennett*, 75 F.3d at 45 ("facilitation essentially undisputed since [the defendant] provided his car to transport himself, his coconspirators, and the gun to execute the raid."); *United States v. Ramirez-Ferrer*, 82 F.3d at 1154 (boat captain liable under 924(c) as an aider and abettor for weapon found near co-defendant). Furthermore, when Bazemore exited the vehicle to inspect the marijuana, he did so under the watchful eye of his armed coconspirator. Bazemore cannot knowingly benefit from the protection afforded by the firearm carried by his companion and then subsequently evade criminal liability for its presence. *See United States v. Price*, 76 F.3d 526, 529-30 (3d Cir. 1996) (where defendant enters bank and collects money while his partner brandishes a weapon, the defendant is liable as an aider and abettor under 924(c)).

Although the *Bailey* decision confined the scope of the "use" prong of section 924(c), in doing so it breathed new life into the "carry" prong. Because Bazemore's conduct violated the "carry" prong of section 924(c) under well-established principles of aider and abettor liability, the district court denied his section 2255 motion to vacate his conviction.

**AFFIRMED.**

6