PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
---------------
No. 97-6194
---------------
D. C. Docket Nos. 94-CR-135-5 and 96-331-AH-S


UNITED STATES OF AMERICA,

> Plaintiff-Appellee,

versus

GEORGE W. RUTLEDGE,

> Defendant-Appellant,

---------------
Appeal from the United States District Court for the
Southern District of Alabama
---------------
**(April 13, 1998)**

Before HATCHETT, Chief Judge, GODBOLD and RONEY, Senior Circuit Judges.


PER CURIAM:

George W. Rutledge appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his conviction after pleading guilty to using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). He believes that according to the interpretation of section 924(c) provided by the Supreme Court in *Bailey v. United States*, 116 S.Ct. 501 (1995), he pled guilty to conduct which does not constitute a crime. We have this day held

that such a motion by a defendant in Rutledge's position should be considered under the aiding and abetting law in our pre-*Bailey* jurisprudence. *See United States v. Bazemore*, ___ F.3d ___ (11th Cir. 1998), [No. 96-8382], Slip Op at ____.

Rutledge pled guilty to conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 (1994), and to using and carrying a firearm in connection with drug trafficking in violation of 18 U.S.C. § 924(c) (1994). The indictment charged Rutledge and two co-conspirators, John T. Frazier, Jr. and Jeremy Rutledge, with conspiring to purchase one kilogram of cocaine. The indictment alleged that, aided and abetted by each other, they had used and carried two firearms in furtherance of the conspiracy. In order to satisfy the requirement of Fed. R. Crim. P. 11(f) that there be a sufficient factual basis for the plea, the government stated that the three defendants had agreed to travel from Kentucky to Mobile to purchase cocaine for further distribution and that "Rutledge, Frazier, and Rutledge had a weapon in their possession; that is, in their vehicle and on the person of Jeremy Rutledge in connection with their drug activities." Rutledge further admitted that he had driven the vehicle in which the conspirators traveled from Kentucky to Mobile.

18 U.S.C. § 2(a) states that "whoever . . . aids, abets, counsels, commands, induces or procures [a crime's] commission, is punishable as a principal." To prove aiding and abetting in a section 924(c) case, the government must show that the defendant associated himself with a crime of violence or drug trafficking, that he knew that a firearm was being used or carried by a co-conspirator, and that he committed some act related to the gun. *See United states v. Bazemore*, ___ *F.3d* ___, ___ *(11th Cir. 1998) ; United States v. DePace*, 120 F.3d 233, 238-39 (11th Cir. 1997). When Rutledge admitted to the government's stipulation that the weapon was in "their possession"

2

and that it was used "in connection with their drug activities," he admitted to all of the elements required by aider and abettor liability. He admitted that he associated himself with a conspiracy to sell narcotics, he admitted to knowledge, and he admitted that his acts were undertaken "in connection" with the gun. He drove the car which carried his co-conspirators and the weapon to Mobile in their attempt to purchase cocaine. *See United States v. Bazemore*, ____ F.3d at ___; *United States v. Hamblin*, 911 F.2d 551, 558-59 (11th Cir. 1990) (driver of getaway car in armed bank robbery liable under section 924(c)); *United States v. Bennett*, 75 F.3d 40, 45 (1st Cir. 1996) ("facilitation essentially undisputed since [the defendant] provided his car to transport himself, his co-conspirators, and the gun to execute the raid.").

A review of the record made at Rutledge's Rule 11 hearing reveals that the trial court was especially careful to ensure that Rutledge understood that he was pleading guilty to aiding and abetting a co-conspirator's carrying of a weapon in connection with narcotics distribution. The court explained that to be guilty under section 924(c), the government had to prove that Rutledge "knowingly" used or carried a firearm in connection with drug trafficking. The court told the defendant about the nature of constructive liability, explaining that the defendant did not have to personally carry the firearm, but that it had to in some way aid him in his narcotics activities. Under these circumstances, Rutledge knowingly pleaded guilty to aiding and abetting his co-conspirator's carrying of a firearm in violation of section 924(c). The district court correctly denied section 2255 relief.

**AFFIRMED.**

3