**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MALCOLM EUGENE MOORE,

    Defendant-Appellant.

No. 98-5231
(D.C. No. 98-CR-44-H)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **LUCERO** and **KIMBALL**,[**] Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]The Honorable Dale A. Kimball, United States District Judge for the District of Utah, sitting by designation.

This direct appeal arises from Malcolm Eugene Moore's conviction and sentencing in federal district court for his commission of several bank robberies. On March 5 and April 3, 1998, two Tulsa banks were robbed by two men, one of whom carried a gun. The jury found Mr. Moore guilty of committing each of these robberies and of aiding and abetting his co-defendant's use of the firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The district court sentenced Mr. Moore to 690 months pursuant to the United States Sentencing Guidelines.

Mr. Moore first argues there was insufficient evidence to uphold his conviction for aiding and abetting his co-defendant, Jerome Brown, in the use of a firearm. According to Mr. Moore, there was no evidence presented showing he actively facilitated Mr. Brown's use of the gun, nor that he even had any prior knowledge Mr. Brown had a gun or was planning on using a gun during the bank robberies. When reviewing a conviction for insufficient evidence, we consider all the evidence in a light most favorable to the government to determine if a reasonable jury could find the defendant guilty beyond a reasonable doubt. *See United States v. Esparsen*, 930 F.2d 1461, 1470 (10th Cir. 1991). "To be guilty of aiding and abetting a crime, the defendant must willfully associate himself with the crime and seek to make it succeed through some action on his part." *Id.* Our review of the record convinces us the evidence was sufficient to show that Mr.

Moore knowingly and actively participated in the armed robberies during which he knew Mr. Brown was carrying a firearm. *See United States v. Wiseman*, 172 F.3d 1196, 1217 (10th Cir. 1999) (knowingly and actively participating in armed robberies sufficient to uphold § 924(c) conviction), *cert. denied* 120 S. Ct. 211 (1999); *United States v. Bindley*, 157 F.3d 1235, 1238 (10th Cir. 1998) (same), *cert. denied* 119 S. Ct. 1086 (1999). Furthermore, Mr. Moore directly facilitated and was benefitted by Mr. Brown's use of the firearm by collecting the robbery proceeds while Mr. Brown brandished the weapon. *See*, *e.g.*, *Bazemore v. United States*, 138 F.3d 947, 949-50 (11th Cir. 1998) (upholding § 924(c) conviction because defendant knowingly accepted protection afforded by co-defendant's use of a gun). As the court pointed out in *United States v. Price*, 76 F.3d 526, 529-30 (3rd Cir. 1996), even if the defendant did not know in advance that his co-defendant was going to use a gun during the robbery, defendant's continued participation in the robbery while his co-defendant used the gun supports the section 924(c) conviction. *See also United States v. Morrow*, 977 F.2d 222, 230-31 (6th Cir. 1992) (en banc) (upholding § 924(c) conviction since co-defendant's use of firearm emboldened and protected defendant during commission of underlying crime). The evidence here was sufficient for the jury to find Mr. Moore aided and abetted Mr. Brown's use of a firearm during the bank robberies.

Mr. Moore next challenges his sentence. He contends his criminal history

was overstated by the sentencing guidelines' failure to take into account the non-violent nature of his prior convictions, thereby creating a distortion which takes his case out of the heartland of cases contemplated by the Sentencing Commission. He further argues that the district court abused its discretion by refusing to depart downward given Mr. Moore's wholly non-violent criminal history.

The Sentencing Commission has found the likelihood of recidivism greater when a defendant has a criminal history, without distinguishing whether that history is violent or non-violent. *See* USSG Ch.4, intro. comment. The Commission is within its statutory authority to weigh policy issues and make such determinations. *See* 18 U.S.C. § 3553(a)(4), (5). Thus, we cannot say the sentencing guidelines distorted Mr. Moore's criminal history.

Under the guidelines, Mr. Moore was assigned a criminal history category of VI. This level was combined with the offense level of twenty-six to arrive at a maximum total sentence of 690 months. The district court refused to grant a downward departure from the guidelines due to its conclusion that Mr. Moore's case was not outside the heartland of cases considered by the Sentencing Commission. A district court's refusal to depart from the guidelines is a discretionary decision that cannot be appealed. *See United States v. Jones*, 80 F.3d 436, 439 (10th Cir. 1996). If the district court unambiguously states it lacks

the authority to depart from the guidelines in a particular case, however, we can review that conclusion de novo. *See United States v. Mitchell*, 113 F.3d 1528, 1534 (10th Cir. 1997), *cert. denied* 118 S. Ct. 726 (1998). The threshold issue for us to determine, therefore, is whether the district court unambiguously stated it lacked the authority to make a downward departure.

The district court held Mr. Moore's case was not outside the heartland of cases considered by the Sentencing Commission "for purposes of this Court having any freedom to engage in a downward departure." Rec. vol. XIII at 8. Assuming the district court was ambiguous regarding its authority to grant a departure, that ambiguity is not enough for this court to review its decision. The district court must unambiguously state it lacks authority to downward depart before we will review the decision not to depart. *See United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994). Absent such an unambiguous statement, we assume the district court "made a discretionary decision not to depart, not a legal decision that it had no authority to depart." *United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999). We therefore have no jurisdiction to review the district court's decision not to depart from the guidelines when it sentenced Mr. Moore.

For the reasons stated above, we **AFFIRM**.

ENTERED FOR THE COURT


Stephanie K. Seymour
Chief Judge