[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 29, 2005
THOMAS K. KAHN
CLERK

No. 05-10331
Non-Argument Calendar

_____

D. C. Docket No. 03-00393-CR-T-23-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELVAUGHAN JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2005)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Delvaughan Johnson appeals his conviction and his 111-month sentence

imposed after a jury found him guilty of assaulting a law enforcement officer, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and 2 (Count One), and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(A)(i), and 2 (Count Two).  On appeal, Johnson argues that there is insufficient evidence to support a guilty verdict as to Count Two because he never possessed the firearm used in the offense.  In addition, Johnson argues that the district court violated the Fifth and Sixth Amendments, as defined by United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by considering the Guidelines as mandatory rather than advisory.[1]

**Insufficient Evidence as to Count Two**

We review de novo the disposition of a defendant's properly preserved motion for judgment of acquittal.  United States v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994).  We must determine whether a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt.  United States v. Pistone, 177 F.3d 957, 958 (11th Cir. 1999).  We must view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the government.  United States v. Hansen, 262 F.3d 1217, 1236 (11th

---

[1]Johnson was sentenced on January 11, 2005, and on the next day, January 12, 2005, the U.S. Supreme Court issued its decision in United States v. Booker.

Cir. 2001). Reasonable inferences, and not mere speculation, must support the jury's verdict of guilty. Perez-Tosta, 36 F.3d at 1557.

Under 18 U.S.C. § 924(c), an individual who uses, carries, or possesses a firearm during the commission of a violent crime, and who brandishes the firearm, shall receive a mandatory sentence of not less than seven years to be served consecutively with the sentence for the violent crime. 18 U.S.C. § 924(c). In addition, an individual that aids or abets a criminal offense shall be punished as a principal of the crime. 18 U.S.C. § 2(a).

To prove aiding and abetting others in violating 18 U.S.C. § 924(c), the government must show that "a substantive offense was committed, that the defendant associated himself with the criminal venture, and that he committed some act which furthered the crime." See Bazemore v. United States, 138 F.3d 947, 949 (11th Cir. 1998) (addressing a § 2255 motion to vacate); see also United States v. Thomas, 987 F.2d 697, 701-02 (11th Cir. 1993). In addition, there must be "some proof 'linking' the defendant to the gun, because section 924(c) does not permit 'guilt by association.'" Bazemore, 138 F.3d at 949. We held in Thomas that "a 924(c) conviction must be supported by evidence directly showing defendant's knowledge that a gun would be used in the commission of the offense." 987 F.2d at 702 (quotation omitted).

3

In this case, when the facts are viewed in the light most favorable to the government, a reasonable trier of fact could find beyond a reasonable doubt that (1) a crime was committed, (2) Johnson associated himself with the criminal endeavor, (3) Johnson knew a firearm would be used or that it was reasonably foreseeable that a firearm would be used, and (4) Johnson was linked to the gun through testimony of witnesses. Accordingly, we affirm Johnson's conviction as to Count Two.

**Booker Claim**

Johnson raises this issue for the first time on appeal. If a defendant does not raise Booker objections in the district court, this Court reviews the district court's decision for plain error. United States v. Shelton, 400 F.3d 1325, 1328 (11th Cir. 2005), see also Fed.R.Crim.P. 52(b).

In the case at bar, there were no constitutional errors under Booker because there were no enhancements made to Johnson's sentence. However, there was a statutory Booker error because Johnson was sentenced using a mandatory Guidelines system, and that error is plain. See Shelton, 400 F.3d at 1330-31. Despite this error, Johnson cannot meet the third prong of the plain-error standard because he cannot demonstrate that his substantial rights were affected by the error. Because the district court never indicated that it would have sentenced

4

Johnson differently if the Guidelines were advisory rather than mandatory, Johnson cannot prevail.  See Shelton, 400 F.3d at 1332.  Accordingly, the error was harmless, and we affirm Johnson's sentence.

**AFFIRMED**.

TJOFLAT, Circuit Judge, specially concurring:

I concur in the court's judgment. I concur without qualification in the affirmance of Johnson's conviction. I concur in the court's affirmance of Johnson's sentence only because binding precedent requires that the sentence be upheld. It must be upheld "[b]ecause the district court never indicated that it would have sentenced Johnson differently if the Guidelines were advisory rather than mandatory." Ante at ____.

As I have explained at length, our precedent, United States v. Rodriguez [2] and its progeny, including United States v. Shelton (relied on by the court, ante at ___ ), though Booker error, which is "plain," has occurred, we are precluded from vacating the defendant's sentence unless the record "contains some indication that the district court would have imposed a lesser sentence had the law permitted it to treat the guidelines as advisory rather than mandatory. We look to what the court said prior to or in the course of imposing sentence. We look for what I call 'magic words.'" United States v. Thompson, 422 F.3d 1285, 1302 (11th Cir. 2005) (Tjoflat, J., specially concurring). This "magic words" standard is bad law; it does "disservice . . . to rule-of -law values, to the criminal justice system in general, and to the defendant in particular." Id., at 1304 n.2. Why so? Because telling the

---

[2] 406 F.3d 1261 (11th Cir. 2005).

6

defendant that but for the mandatory nature of the guidelines he would receive a lesser sentence is, in so many words, telling the defendant that the sentence he is receiving is "unjust and unfair." Id. at 1303. Having heard this from the court, itself, the defendant is inclined to believe it and, moreover, is "unlikely to accept the justice of his punishment and 'enter the correctional system in a frame of mind that affords hope for success in rehabilitation over a shorter period of time than might otherwise be necessary.'" Id. (internal citations omitted). Furthermore, "[t]he judge may also unwittingly encourage the defendant to persist in attacking his sentence on direct appeal and collateral review, notwithstanding that its substance and the manner of its imposition are legally correct." Id. at 1303-04.

Were we not bound by precedent, I would vacate Johnson's sentence and remand the case for a new sentencing hearing held under the sentencing model Booker has created.