[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13595
Non-Argument Calendar
_____

D.C. Docket Nos. 2:14-cv-14215-DLG; 2:91-cr-14025-DLG-2

RONALD MAURICE SMITH,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 9, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Ronald M. Smith appeals the dismissal of his 28 U.S.C. § 2255 motion to vacate as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Smith argues that his § 2255 motion is not time-barred because, under the Supreme Court's interpretation of the term "use" in 18 U.S.C. § 924(c) in *Bailey v. United States*, 516 U.S. 137 (1995), he was actually innocent of using a firearm during the bank-robbery crimes for which he was convicted in 1992.  After review,[1] we affirm.

Actual innocence, if proved, may serve as a gateway through which a petitioner may bring an untimely[2] federal habeas petition.  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (involving an untimely 28 U.S.C. § 2254 petition). To meet the "actual innocence" threshold requirement, a petitioner must show that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.*  A successful actual-innocence-gateway claim to overcome a procedural bar requires a petitioner to

---

[1]  We review factual findings in § 2255 proceedings for clear error and questions of law *de novo*.  *Castillo v. United States*, 200 F.3d 735, 736 (11th Cir. 2000).

[2]  The AEDPA imposes a one-year statute of limitations for filing a § 2255 motion to vacate, which begins to run following the latest of four possible events.  28 U.S.C. § 2255(f). These events include, *inter alia*, when the judgment of conviction becomes final, when the Supreme Court initially recognizes a right that it makes retroactively applicable to cases on collateral review, and when due diligence could have allowed for the discovery of facts supporting the claim or claims presented.  *Id.* § 2255(f)(1), (3)-(4).  Prisoners whose convictions became final before April 24, 1996, the effective date of the AEDPA, had one year from the AEDPA's effective date to file their habeas actions.  *Goodman v. United States*, 151 F.3d 1335, 1337-38 (11th Cir. 1998).  Smith does not argue his petition is timely.

support his allegations of constitutional error "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In *Bailey*, the Supreme Court held that a conviction for the "use" of a firearm, under the version of § 924(c) then in effect, requires "active employment of the firearm," as opposed to mere possession. *See* 516 U.S. at 143-45. The Court explained that use of a firearm under § 924(c) includes:

> brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire a firearm. We note that this reading compels the conclusion that even an offender's reference to a firearm in his possession could satisfy § 924(c)(1). Thus, a reference to a firearm calculated to bring about a change in the circumstances of the predicate offense is a 'use,' just as the silent but obvious and forceful presence of a gun on a table can be a 'use.'

*Id*. at 148. In *Bousley v. United States*, a § 2255 proceeding involving a procedurally defaulted *Bailey* claim, the Supreme Court determined that *Bailey* was retroactively applicable on collateral review. 523 U.S. 614, 619-21 (1998).

The district court did not err in dismissing Smith's § 2255 motion as time-barred because Smith failed to make a threshold showing that he was actually innocent of using a firearm in connection with his crimes of violence. Smith failed to allege any factual basis supporting his claim of factual innocence. Even after he was put on notice by the magistrate judge's report and recommendation that the

court did not believe he had made a sufficient factual showing, he still did not point to any facts that supported his actual innocence.  At no point, either before the district court or this Court, has Smith pointed to facts, either new or already in the record that show his actual, factual innocence.  Significantly, he pointed to no "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" supporting his alleged innocence.  *See Schlup*, 513 U.S. at 324.

Finally, accepting the facts conceded in Smith's initial brief on appeal, the facts were sufficient to convict under a § 924(c) aider and abettor theory.  *See Bazemore v. United States*, 138 F.3d 947, 949 (11th Cir. 1998) (holding that *Bailey* did not abolish our precedent related to § 924(c) aider-and-abettor liability).  Smith admits that two of the three bank robbers carried visible firearms, that one robber pointed a gun at a teller, and that one of the robbers fired a shot.  Smith does not dispute that he was associated with the bank robbery.  *See id.* (explaining in order to establish aider-and-abettor liability, the government must show a substantive offense was committed, the defendant associated himself with it, and the defendant committed some act that furthered the crime).  Even assuming Smith did not actually carry a gun, he entered the bank with two other armed robbers, and knew that firearms were being used by his co-conspirators.  Therefore, even using Smith's version of the facts, a firearm was "use[d]" within *Bailey*'s definition of "use," and Smith was at least an aider and abettor to the two robbers' use of

4

firearms.  *See Bailey*, 516 U.S. at 148; *Bazemore*, 138 F.3d at 949.  While Smith asserts in his reply brief that none of the robbers "use[d]" a firearm, that bare assertion is in direct contrast to facts he set out in his own initial brief.  Because he did not allege any facts to show that he was factually innocent of his conviction, the district court did not err in dismissing Smith's petition as time-barred, and we affirm.

**AFFIRMED.**