**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Willis Walter HAMBLIN, Gregory Jones, Defendants–Appellants.**

No. 89–8553.

United States Court of Appeals, Eleventh Circuit.

Sept. 7, 1990.

As Amended Oct. 11, 1990.

depending upon the outcome of that inquiry, Gonzalez may actually have an offense level of 32 as opposed to 34.

Paul S. Kish, Federal Defender Program, Atlanta, Ga., for Hamblin.

William A. Morrison, Atlanta, Ga., for defendant-appellant Gregory Jones.

Robert L. Barr, Jr., U.S. Atty., F. Gentry Shelnutt, Jr., Atlanta, Ga., for U.S.

Before EDMONDSON and BIRCH, Circuit Judges, and RE [*], Chief Judge.

BIRCH, Circuit Judge:

█ The central focus of this appeal concerns the mandatory sentencing provisions of 18 U.S.C. § 924(c). Appellants Willis Hamblin and Gregory Jones attack the district court's application of that statute to them as well as the underlying constitutionality of section 924(c). Jones also claims ineffective assistance of counsel, attacks the sufficiency of the government's evidence supporting his conviction, and appeals the district court's use of the sentencing guidelines to increase his punishment at his sentencing hearing.[1] Hamblin contends that the evidence was insufficient to convict him for two violations of section 924(c). Both Jones and Hamblin appeal the district court's failure to grant their motions for mistrial, after they won a judgment of acquittal on four counts of the original nine-count indictment, based upon alleged prejudice resulting from the government's presentation of evidence to the jury on the dismissed counts. We REVERSE Hamblin's conviction on Count Two of the indictment for insufficient evidence, VACATE Hamblin's sentence and REMAND to the district court for resentencing, and AFFIRM on all other claims raised by appellants.

## BACKGROUND

On January 10, 1989, appellants were charged in a nine-count indictment with violations of 18 U.S.C. §§ 2, 2113(a), 2113(d) and 924(c). The charges stemmed from four bank robberies committed between September 24 and December 14, 1988. Jones and Hamblin were jointly named in eight counts of the indictment for

---

[*] Honorable Edward D. Re, Chief Judge of the U.S. Court of International Trade, sitting by designation.

1. Because Jones's trial counsel had the opportunity to review his client's Presentence Report prior to the sentencing hearing, yet did not object to that report at the sentencing hearing when given an express opportunity to do so by the district judge, we decline to consider this argument on appeal. *See Lattimore v. Oman Construction,* 868 F.2d 437, 439 (11th Cir.1989).

bank robbery and unlawful use of a firearm in connection with each robbery, and Jones was separately charged with one count of possession of a handgun by a convicted felon under 18 U.S.C. § 922(g).

Prior to trial, each defendant filed a motion to sever his trial from that of his co-defendant. The district judge decided, due to the large number of witnesses common to both defendants, that the court would empanel two juries. This approach enabled the court to sever the trials upon the conclusion of testimony by the common witnesses. After nineteen witnesses testified with both juries present in the courtroom, the Jones jury was recessed and several additional witnesses testified before Hamblin's jury. The Jones jury returned to the courtroom for three witnesses, including Hamblin's testimony in his own defense, then the trials were severed. Neither defense attorney objected to severance nor to the use of two juries.

At the close of the government's case, the district court granted a judgment of acquittal on the four counts relating to the second and third bank robberies. Both defendants moved for a mistrial as to the remaining counts, arguing that the evidence presented to the juries on the dismissed counts had prejudiced the defendants because the juries could not ignore that evidence in reaching a decision on the other charges. The motions were denied by the district court. Jones and Hamblin's respective juries convicted them on the remaining counts in the indictment.

DISCUSSION

1. *Appellants' Claims Under 18 U.S.C. § 924(c)*

In *United States v. Rawlings*, 821 F.2d 1543 (11th Cir.), *cert. denied*, 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987), we held that the enhanced penalty provision of 18 U.S.C. § 924(c) applies to multiple offenses, even if those offenses are charged in a single indictment. That opinion briefly reviewed basic rules of statutory construction, and evidence of Congressional intent in enacting section 924(c), before analyzing the plain meaning of the language used by Congress. *Id.*, 821 F.2d at 1545–46. By its

terms, the enhanced penalty provision applies in "the case of a second or subsequent conviction under this subsection." 18 U.S.C. § 924(c). Accordingly, in *Rawlings* we said that

> [w]e assume that distinction serves some purpose. Subsequent, as defined by Webster's Dictionary, means "following in time, order, or place." The definition of "second," however, does not have such limitations. In the context of the statute, it only means one more after the first, or another or additional conviction. Based on this broad "second or subsequent conviction" language, we find that appellant's second conviction under § 924(c), even though in the same indictment as his first conviction, legitimately triggers the enhancement provision.

*Rawlings*, 821 F.2d at 1545. Appellants urge this court to reconsider its decision in *Rawlings* for several reasons, each of which will be discussed in turn.

■ First, appellants contend that *Rawlings* is an aberration because it has not been followed or cited with approval by any other court since its publication over two years ago. Even if true, that argument would be unpersuasive to the three-judge panel in this case because we are bound by circuit precedent. *United States v. Machado*, 804 F.2d 1537, 1543 (11th Cir.1986). The government notes, however, that *Rawlings* also has not been criticized by any other circuit.

■ After the parties filed their appellate briefs in this case, the Sixth Circuit decided *United States v. Nabors*, 901 F.2d 1351 (6th Cir.1990). In *Nabors*, the defendant argued that his two convictions under section 924(c)(1) were based upon one use of firearms and therefore could not support separate sentences under that statute. The Sixth Circuit disagreed, finding that defendant used one firearm in the commission of two predicate offenses, and discussed *Rawlings* before concluding that "we concur with the reasoning in *Rawlings* that two distinct violations of the statute trigger the subsequent sentence enhancement provisions of § 924(c)(1)." *Nabors*,

901 F.2d at 1358. Appellants' argument on this basis is rejected.

■ Next, appellants note that the enhanced penalty under section 924(c) has been increased from 10 years to 20 years since *Rawlings* was decided. Therefore, they claim, the decision should be reconsidered in light of that change in the statute. However, the duration of the enhanced penalty was irrelevant to the reasoning of the *Rawlings* opinion.

Hamblin also argues that *Rawlings* should not apply to him because, unlike the defendant in that case, Hamblin is a young man with no prior criminal record, and his participation in the criminal acts for which he has been convicted does not justify the sentence imposed upon him by the statute. While we may be sympathetic to such arguments in certain circumstances, they are in the nature of policy considerations and should properly be directed to Congress. We are bound to enforce the law as it is written. In this instance, the law in question was properly applied by the district court.

### 2. Constitutionality Of Section 924(c)

Appellants argue that section 924(c) violates their right to due process of law by preventing a meaningful sentencing hearing that would permit the trial judge to consider the individual circumstances of each case before fashioning an appropriate sentence. Appellants also contend that the statute denies due process by creating an irrebuttable presumption, contrary to fact, that the only appropriate sentence for anyone convicted under its terms is 25 years in prison without parole. Finally, appellants allege that the punishment provision of the statute is arbitrary and irrational.

In *United States v. Goodface*, 835 F.2d 1233 (8th Cir.1987), the court upheld the constitutionality of the mandatory sentencing provision of section 924(c). The appellant in that case attacked the statute for depriving the trial judge of discretion to impose a lesser penalty. In its opinion, the Eighth Circuit noted that

[i]n non-death penalty cases, "the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative." *Woodson v. North Carolina*, 428 U.S. 280, 304, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976). Moreover, the authority to define and fix the punishment for felony convictions is "purely a matter of legislative prerogative." *Rummel v. Estelle*, 445 U.S. 263, 274, 100 S.Ct. 1133, 1139, 63 L.Ed.2d 382 (1980); *United States v. McClinton*, 815 F.2d 1242, 1244 (8th Cir.1987).

*Goodface*, 835 F.2d at 1236. That court concluded that "the mandatory sentencing provision of section 924(c) applicable here does not violate due process merely because it divests the district court of sentencing discretion." *Id.* at 1236–37.

■ While the constitutional issue decided in *Goodface* and presented here has not been previously before this court with respect to section 924(c), we have affirmed the constitutionality of mandatory sentencing provisions in other statutes. *See United States v. Erves*, 880 F.2d 376 (11th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 416, 107 L.Ed.2d 381 (1989) (involving Sentencing Guidelines promulgated under Sentencing Reform Act of 1984); *United States v. Harris*, 876 F.2d 1502 (11th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 417, 107 L.Ed.2d 382, *cert. denied*, —— U.S. ——, 110 S.Ct. 569, 107 L.Ed.2d 563 (1989) (involving Sentencing Guidelines); *United States v. Holmes*, 838 F.2d 1175 (11th Cir.), *cert. denied*, 486 U.S. 1058, 108 S.Ct. 2829, 100 L.Ed.2d 930 (1988) (involving Comprehensive Drug Abuse Prevention and Control Act). The provision at issue in section 924(c) cannot be distinguished from those challenged in the Eleventh Circuit cases cited above to justify disregard for established precedent.

Appellants also argue that the facts of this case are inapposite to those of *Goodface*, *Erves*, and *Holmes*. Appellants contend that *Goodface*, for example, should be read to hold only that the particular defendant in that case did not prove that individualized sentencing was a constitutional imperative *in his situation*. Similarly, appellants attempt to distinguish *Erves* because

that case challenged the constitutionality of the Sentencing Guidelines, not the constitutionality of a specific mandatory sentence. These arguments are unpersuasive. Accordingly, appellants' constitutional challenges are rejected.

### 3. Ineffective Assistance Of Counsel

In this circuit, "a claim of ineffective assistance of counsel may not be raised on direct appeal where the claim has not been heard by the district court nor a factual record developed." *United States v. Khoury*, 901 F.2d 948, 969 (11th Cir.1990). This rule is generally used to prohibit direct appeals of such claims, because they are more properly raised by way of collateral attack in the district court. *United States v. Arango*, 853 F.2d 818, 823 (11th Cir.1988). However, the instant case is somewhat unusual because the district court recognized that Jones might have a claim for ineffective assistance as a result of his trial counsel's failure to provide proper notice of alibi to the government. The trial judge discussed the issue with counsel and with appellant Jones, and the transcript of that conversation provides us with an adequate record for purposes of review.

To succeed on his claim of ineffective assistance of counsel, appellant Jones must satisfy the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* test requires: (1) a showing that counsel's performance was deficient, measured against a standard of "reasonably effective assistance," and (2) a showing that the deficient performance prejudiced the defendant by depriving him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 686–87, 104 S.Ct. at 2064. The reasonableness of any decision of counsel must be evaluated, if possible, without the benefit of hindsight, and appellant must surmount a presumption that the challenged action or inaction of counsel could be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S.Ct. at 2065.

■ Jones contends that his trial counsel was ineffective because he failed to provide the required notice of alibi to the government and Jones, therefore, was precluded from calling an alibi witness at trial. Jones testified as to his own alibi for the September 24 robbery, stating that he arrived at work at approximately 10:00 a.m. on September 24. The robbery was committed about 9:40 that morning. We do not know if the alibi witness would have substantiated Jones's alibi, but we shall assume so, *arguendo*, for purposes of this discussion.

If we find that Jones was not sufficiently prejudiced by his counsel's performance to satisfy the second prong of the *Strickland* test, our inquiry must end. Under these circumstances, the time lapse between the robbery and Jones's alleged arrival at work is fatal to his claim. In *Williams v. Weldon*, 826 F.2d 1018 (11th Cir.1987), *cert. denied*, 485 U.S. 964, 108 S.Ct. 1231, 99 L.Ed.2d 431 (1988), the defendant similarly sought to call alibi witnesses who could testify as to his presence a short time after certain robberies had occurred. We rejected a claim of ineffective assistance of counsel in that case because the defendant's alibi did not place him away from the scene of the crime until after the robberies were committed. *Weldon*, 826 F.2d at 1022.

Here, the government proffered additional evidence linking Jones to the first robbery, including testimony from two witnesses who identified Jones as the bank robber from surveillance photographs taken by the bank's security cameras. The evidence presented to the jury regarding Jones's involvement in the September 24 robbery, and the inadequacy of his alibi for that crime, support the reliability of the result at trial.

### 4. Sufficiency Of The Evidence

■ Each appellant contends that insufficient evidence was presented by the government to sustain his conviction in the district court. Because neither appellant moved the district court for a judgment of acquittal at the close of the evidence, we may reverse only to prevent a manifest

miscarriage of justice.[2] *United States v. Eley*, 723 F.2d 1522, 1524 (11th Cir.1984). The evidence "must be viewed in the light most favorable to the government, accepting all reasonable inferences and credibility choices that tend to support the jury's verdict." *Id.* at 1525.

■ Jones was convicted on two counts of bank robbery, two counts for unlawful use of a firearm in the commission of a crime of violence, and one count for possession of a handgun by a convicted felon. The first robbery occurred on September 24, 1988, and bank surveillance photographs clearly indicated that the robber used a firearm in the commission of the crime. Accordingly, the only issue at trial was the identity of the robber.

As discussed above, two government witnesses who were familiar with Jones identified him as the robber from the bank photos. An FBI agent testified that when he questioned Jones about the first robbery and accused Jones of shooting at a bank customer, Jones replied that he shot over the man's head. Jones denied making that statement, which was not corroborated, but the jury was free to make its own determination as to the relative strength of the conflicting evidence. *United States v. Brooks*, 703 F.2d 1273, 1278 (11th Cir.1983).

Additionally, appellant Hamblin's signed statement to investigators, made at the time of his arrest, was introduced into evidence at trial. Although Hamblin denied the truth of that statement on the witness stand, the statement indicated that Jones and he had robbed the bank on September 24. In his statement, Hamblin also named Jones as his accomplice in the December 14 robbery. Hair samples connected Jones to the last robbery, and the government offered evidence that Jones purchased several expensive gifts for his girlfriend during the time of the robberies.

Finally, although the district court dismissed all charges relating to the September 30 bank robbery, Jones was convicted on Count Five of the indictment for possession of a handgun by a convicted felon on or about that date. The government presented testimony to support that conviction, but Jones contends on appeal that the dismissal of the September 30 robbery counts should warrant a finding by this court that there was insufficient evidence to convict him on Count Five. The possession count, however, is not bound to any one of the four robberies charged in the indictment, and we cannot say as a matter of law that there was insufficient evidence to support the jury's decision. The trial transcript contains enough evidence for a reasonable jury to convict Jones on all counts under the facts in this case.

Hamblin challenges the sufficiency of the evidence used to convict him under the aiding and abetting statute, 18 U.S.C. § 2, in connection with the firearm charges in Counts Two and Nine. The statute provides that anyone who "aids, abets, counsels, commands, induces or procures" the commission of an offense against the United States is punishable as a principal for the offense. The government presented evidence that Hamblin drove the getaway car after the September 24 and December 14 robberies, although there was no evidence that Hamblin ever entered either bank during the robberies. There was also evidence that Hamblin received a portion of the proceeds from the robberies in exchange for his participation.

■ To prove aiding and abetting, the government must demonstrate that a substantive offense was committed, that the defendant associated himself with the criminal venture, and that he committed some act which furthered the crime. *United States v. Pareja*, 876 F.2d 1567, 1570 (11th Cir.1989). It is not necessary to prove that the defendant was present at the scene

---

2. The "manifest miscarriage of justice" standard has been interpreted by this court "to require a finding that 'the evidence on a key element of the offense is so tenuous that a conviction would be shocking.'" *United States v. Tapia*, 761 F.2d 1488, 1491–92 (11th Cir.1985) (quoting *United States v. Landers*, 484 F.2d 93, 94 (5th Cir.1973), *cert. denied*, 415 U.S. 924, 94 S.Ct. 1428, 39 L.Ed.2d 480 (1974)). *See generally* Wright, Federal Practice and Procedure: Criminal 2d § 469, n. 21.

when the crime occurred, or that he was an active participant, but the government must show that the defendant shared the same unlawful intent as the actual perpetrator. *United States v. James*, 528 F.2d 999, 1015 (5th Cir.), *cert. denied*, 429 U.S. 959, 97 S.Ct. 382, 50 L.Ed.2d 326 (1976).[3]

■■■ Hamblin argues that the evidence does not support a finding that he had the same criminal intent as his co-defendant, Jones, with respect to the section 924(c) counts for which he was convicted, because the government never connected Hamblin to the firearms used during those robberies. After an extensive review of the record from the district court, we find that the evidence presented by the government was insufficient to sustain Hamblin's section 924(c) conviction for the September 24 robbery (Count Two).

The only evidence that even arguably supports the conviction on Count Two is Hamblin's signed statement, which was taken by two FBI agents on December 15, 1988, one day after Hamblin was arrested as a suspect in the fourth bank robbery. With respect to the first robbery, on September 24, his statement reads in pertinent part as follows:

> I dropped Jones off and waited for him to go inside and get the money. Jones was wearing a long sweater coat and ski mask and was carrying a gun in his pants pocket.... After [Jones got] in-

side the bank, I heard a shot fired. Shortly afterwards Jones came running out....

Record, Vol. 4, p. 18. From this record, it is not clear whether Hamblin's statement about the gun reflects a contemporaneous observation made at the time of the robbery, which would demonstrate the knowledge required to convict him under section 924(c), or merely an after-the-fact recollection based upon hearing a shot fired inside the bank.[4]

Intuitively, a reasonable jury might conclude that Hamblin had to know about the gun beforehand, because it would be difficult to rob a bank without a weapon. However, the government had the burden of proving that Hamblin shared the criminal intent of his co-defendant with respect to the firearm charges, *United States v. James*, 528 F.2d at 1015, yet it failed to produce any evidence at trial other than Hamblin's signed statement, which is at best inconclusive on this point.[5] The record is otherwise devoid of evidence to support the jury's verdict, and intuition cannot substitute for admissible evidence when a defendant is on trial. *See In re Winship*, 397 U.S. 358, 363–64, 90 S.Ct. 1068, 1072–73, 25 L.Ed.2d 368 (1970).

■■■ In contrast, the record contains sufficient evidence to sustain Hamblin's conviction on section 924(c) charges in con-

---

**3.** In *James* one of the defendants was convicted under section 924(c) for carrying a firearm in the commission of a felony, even though he was not present during the shoot-out with police that resulted in the underlying felony charge. The Fifth Circuit affirmed his aiding and abetting conviction because the evidence demonstrated that the defendant was instrumental in organizing the incident that ultimately erupted in gunfire. 528 F.2d at 1015.

**4.** Hamblin's statement was handwritten by an FBI agent, Daniel T. Sindall, and Agent Sindall authenticated the statement at trial before it was introduced into evidence. The statement is ambiguous regarding Hamblin's intent to aid and abet Jones in the commission of an *armed* bank robbery, which requires an additional element of proof beyond that needed to convict for aiding and abetting an unarmed robbery. Charges under 18 U.S.C. § 924(c) cannot be proven through guilt by association, as the government seems to contend, and these facts are particular-

ly egregious because the FBI is responsible for the ambiguous wording of Hamblin's statement. *Cf. United States v. Kaplan*, 586 F.2d 980, 982–83 (2d Cir.1978) (holding that "the mere fact that Rocco and Kaplan were associated is not sufficient to support an inference by the jury that one imparted knowledge to the other").

**5.** In its brief on appeal, the government argued the propriety of Hamblin's section 924(c) convictions by discussing the evidence connecting Hamblin to the first and fourth *robberies*, without citing any evidence connecting Hamblin to the *guns* used in those robberies. The distinction, which Hamblin emphasized in his reply brief, is critical because violations of 18 U.S.C. § 924(c) are punishable by five years in prison for the first offense, and an additional 20 years for the second conviction. Those penalties do not include punishment for the underlying bank robberies, which added another 51 months to Hamblin's sentence.

nection with the December 14 robbery (Count Nine). For example, there was eyewitness testimony that Jones entered the bank on December 14 with his gun drawn, and a reasonable jury could also conclude that Hamblin knew about the gun based upon the excerpt from his signed statement quoted above. In other words, if the jury believed that Hamblin admitted hearing a shot fired during the first robbery, it could also reasonably believe that he knew Jones would use a gun again in the commission of the fourth robbery.[6]

Accordingly, we affirm Hamblin's conviction on Count Nine but reverse on Count Two, the section 924(c) charge from the first robbery, for insufficient evidence. The district court sentenced Hamblin to 20 years in prison for Count Nine, which was his second conviction under section 924(c). Due to our reversal of his conviction on Count Two, Hamblin's sentence must be vacated in its entirety. His case is remanded to the district court for resentencing in accordance with this opinion.

### 5. *Failure To Grant Appellants' Motions For Mistrial*

■■■ After the close of the government's case, the district court granted a judgment of acquittal to both defendants on Counts Three, Four, Six, and Seven, which contained all of the charges relating to the second and third bank robberies. The defendants subsequently moved for a mistrial on the remaining counts. Their motions were denied by the district court, and appellants contend on appeal that such denial was reversible error. We review these claims under an abuse of discretion standard. *United States v. Johnson*, 713 F.2d 654, 659 (11th Cir.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984).

■■■ Appellants' motions for mistrial were based upon a theory of "prejudicial spillover," which asserted that the government's presentation of evidence to the jury on the dismissed counts had tainted the trial with respect to the remaining counts. *See, e.g., United States v. Guiliano,* 644 F.2d 85 (2d Cir.1981). Appellants claim they were further prejudiced when counsel for the government referred to evidence regarding the dismissed counts in his closing argument. Hamblin also argues that he was prejudiced by testimony concerning Jones's involvement in the robberies that was inadmissible against Hamblin; by the trial judge's decision to permit photocopies of bank surveillance photographs to go out with his jury, while the originals remained in the courtroom for use in the case against Jones; and by the lower court's failure to give any curative instructions to his jury regarding its consideration of evidence relating to Jones or to the dismissed counts.

The government responds on appeal with a series of alternative contentions. First, it argues that the evidence was sufficient to convict both defendants on the dismissed counts, therefore no improper prejudice resulted from the admission of that evidence. Second, even if the evidence was insufficient to convict on the dismissed counts, it was properly admissible under Fed.R.Evid. 404(b) as evidence of extrinsic acts relevant to the remaining charges. Third, even if the evidence was not admissible under 404(b), this is a situation of harmless error because the government's case was strong enough to convict on the first and fourth robberies without the challenged evidence. Finally, appellee contends that the defendants should not be permitted to complain that the district judge never gave any cautionary instructions to the jury on this matter, because no such instructions were requested at trial.

After a comprehensive review of the record in this case and the cases cited by the parties in their respective briefs on appeal, we conclude that the district court

---

**6.** Admittedly, the government's evidence is far from overwhelming on Count Nine, but we cannot say as a matter of law that it was insufficient to convict. Although each of Hamblin's section 924(c) convictions in this case may have involved assumptions or speculation by the jury, the crucial difference is that on Count Nine, there is evidence (Hamblin's signed statement and the eyewitness testimony) from which inferences or conclusions could be drawn. There is no such foundation for the verdict on Count Two.

did not abuse its discretion in denying appellants' motions for mistrial. We have already determined that the government presented sufficient evidence not solely related to the dismissed counts to affirm the convictions, except for Count Two as to appellant Hamblin. Therefore, any possible prejudice resulting from the introduction of evidence on the dismissed counts, or from Hamblin's other enumeration of error concerning the bank photographs, was insufficient to mandate a mistrial in these circumstances. Accordingly, the trial court's denial of appellants' motions for mistrial does not constitute an abuse of discretion.

For the reasons stated above, Hamblin's conviction on Count Two is REVERSED; Hamblin's sentence is VACATED and REMANDED for resentencing; and, Hamblin and Jones's convictions on all other counts are AFFIRMED.