[DO NOT PUBLISH]

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2005
THOMAS K. KAHN
CLERK

**No. 05-12475**
**Non-Argument Calendar**

_____

D. C. Docket No. 04-20482-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALDO GOMEZ,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Florida**

_____

**(December 22, 2005)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

**PER CURIAM:**

Geraldo Gomez appeals his conviction, pursuant to a jury verdict, for possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§§ 922(g)(1), 924(e). The sole issue on appeal is whether the evidence submitted at trial was sufficient to establish his knowing possession of a firearm. After careful review, we affirm.

We usually review the sufficiency of the evidence to support a conviction de novo, resolving all reasonable inferences from the evidence in favor of the jury's verdict. See United States v. Rudisill, 187 F.3d 1260, 1267 (11th Cir. 1999). However, because Gomez did not challenge the sufficiency of the evidence in the district court, by moving for a judgment of acquittal at the close of the evidence, we would reverse on the basis of insufficiency of the evidence "'only to prevent a manifest miscarriage of justice.'" United States v. Burston, 159 F.3d 1328, 1332 n.5 (11th Cir. 1998) (quoting United States v. Hamblin, 911 F.2d 551, 556-57 (11th Cir. 1990)).

To establish a violation of 18 U.S.C. § 922(g)(1), the government must establish: (1) that the defendant was a convicted felon; (2) that the defendant knew he was in possession of a firearm; and (3) that the firearm affected or was in interstate commerce. See United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004), cert. denied 125 S. Ct. 1751 (2005). Gomez challenges the government's evidence on only the second element, arguing that he did not knowingly possess the firearm.

"Possession can be shown by circumstantial as well as direct evidence . . . [and] . . . can be either actual or constructive[.]" United States v. Crawford, 906 F.2d 1531, 1535 (11th Cir. 1990). "A defendant has constructive possession if he exercises ownership, dominion, or control over the firearm. A defendant also has constructive possession if he has the power and intention to exercise dominion or control." United States v. Gunn, 369 F.3d 1229, 1235 (11th Cir.) (citations omitted), cert. denied 125 S. Ct. 324 (2004).

At trial, four police detectives unequivocally testified that a firearm was found on the seat of the vehicle that Gomez was driving (and in which he was the lone occupant), and that, when he was asked if he had any other weapons, he responded "no." The government presented photographic evidence supporting the officers' testimony that the weapon was not only on the driver's seat but was located in such a way that Gomez was sitting on, or was in direct physical contact with, the firearm when he was stopped. Simply put, the evidence amply demonstrated the presence of a firearm, on the driver's seat of the vehicle that Gomez was driving, and we cannot say that his conviction is based on a manifest injustice. Accordingly, we affirm his conviction.

**AFFIRMED.**