[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 30, 2010
JOHN LEY
CLERK

No. 10-10937
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-00209-CC-CCH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS SIMS,
a.k.a. Lil Boo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 30, 2010)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Marcus Sims appeals his convictions for robbery in violation of the Hobbs

Act, 18 U.S.C. §§ 2, 1951(a), and carrying a firearm during that robbery, id. §§ 2, 924(c). Sims challenges the sufficiency of the evidence to support his convictions and the refusal of the district court to give his proposed jury instructions on robbery and aiding and abetting. We affirm.

The district court did not err by denying Sims's motion for a judgment of acquittal. Sims argues he could not be convicted of robbery or the related firearm offense because the government failed to prove that he stole property "from the person or in the presence of another . . . by means of actual or threatened force . . . or of anyone in his company at the time of the taking or obtaining," 18 U.S.C. § 1951(b)(1), but we disagree. Aided by the actual force used by Maurice Jenkins, his cohort, Sims was able to steal a package both in the presence of a delivery driver and when the driver was in the company of a private security guard. See id. §§ 2, 1951(b)(1); United States v. Hamblin, 911 F.2d 551, 557–59 (11th Cir. 1990). The driver of a delivery truck confronted Sims and Jenkins after seeing them place packages stolen from the truck into their vehicle. The driver tried to wrestle a package away from Jenkins while Sims struggled to squeeze a large package in the back seat of the vehicle. When a security guard came to assist the delivery driver, Jenkins used one of the two guns that he and Sims had concealed in the pockets behind their seats in their vehicle to shoot the security guard. The

2

driver of the delivery truck, the security guard, and Jenkins all testified for the government, as did local officers involved in the investigation of the crime. Ample evidence supports Sims's convictions.

The district court also did not abuse its discretion by refusing to give Sims's proposed jury instructions. A defendant is entitled to have his proposed jury instruction read to the jury only if the instruction provides an accurate statement of the law, the instruction is not otherwise included in the jury charge, and the failure to give the instruction "'substantially impaired the defendant's ability to present an effective defense.'" United States v. Culver, 598 F.3d 740, 751 (11th Cir. 2010) (quoting United States v. Klopf, 423 F.3d 1228, 1241 (11th Cir. 2005)). Sims's proposed instruction on robbery, which stated that "[f]orce or violence that occurs during the escape from a theft does not transform the original theft crime into a robbery," is not supported by our caselaw, was inconsistent with evidence that the shooting occurred during the robbery, and suggests incorrectly that Jenkins's skirmish with the delivery driver could not constitute actual force. The instruction given by the district court tracked the language of the statute, conveyed accurately the law, and distinguished between the offenses of theft and robbery. Sims's proposed instructions on aiding and abetting, which would have added language that Sims had to share the same intent as Jenkins, was repetitive of information in

3

the oral charge. The district court could phrase the jury instruction in a manner to convey accurately the law about aiding and abetting. <u>See</u> <u>United States v. Lively</u>, 803 F.2d 1124, 1128 (11th Cir. 1986). The omission of Sims's proposed language did not impair his ability to convey to the jury his defense that he aided and abetted Sims solely in a scheme to steal property.

We **AFFIRM** Sims's convictions.