[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 8, 2010
JOHN LEY
CLERK

No. 09-15872
Non-Argument Calendar
_____

D. C. Docket No. 09-20112-CR-DLG

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

YVES NERVA NEMORIN,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 8, 2010)

Before EDMONSON, BLACK and MARTIN, Circuit Judges.

PER CURIAM:

Yves Nemorin appeals his conviction for attempt to possess with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1). Nemorin asserts two issues on appeal: (1) the district court erred by admitting extrinsic evidence in the form of rebuttal testimony; and (2) the government failed to prove predisposition to commit the offense. After review, we affirm Nemorin's conviction.

I.

Nemorin first asserts the district court erred when it allowed the admission of rebuttal witness Clifford Sibilia's testimony concerning an alleged prior history of drug transactions with Nemorin.[1] Specifically, he contends the evidence was tenuous and speculative in nature and any probative value was outweighed by prejudice.

The lack of a contemporaneous objection requires that we review the admission of testimony for plain error. *United States v. Perez-Garcia*, 904 F.2d 1534, 1540 (11th Cir. 1990). Plain error means a legal error was committed, the error is plain, and the error affected the substantial rights of the appellant. *United*

---

[1]Nemorin also claims the district court erred when it failed to give a limiting instruction regarding Sibilia's testimony despite the fact Nemorin never objected to the testimony or asked for a limiting instruction. Because we conclude the district court did not err in admitting Sibilia's testimony, we decline to address this issue.

*States v. Pielago*, 135 F.3d 703, 708 (11th Cir. 1998). We will correct a plain error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 736 (1993).

The admission of Sibilia's testimony was not plain error. Sibilia's testimony was probative as to his predisposition to purchase cocaine. Moreover, the testimony was neither speculative nor conclusory as Sabilia testified to the number of times he dealt drugs with Nemorin, the pattern of behavior Nemorin exhibited when purchasing drugs, the appearance of clients Nemorin brought to drug deals, the presence of another drug dealer at some of Sibilia's drug deals with Nemorin, and the fact that Sibilia first identified Nemorin as a drug dealer to the FBI back in 2005. Finally, Sibilia's testimony was not unfairly prejudicial because Nemorin's past drug transactions were relevant to the offense charged and the testimony was not so detailed that the jury would equate Nemorin's past drug deals with the attempted drug deal at issue. *See United States v. Salisbury*, 662 F.2d 738, 741 (11th Cir. 1981) (describing how evidence of extrinsic offenses may be unfairly prejudicial).

## II.

Nemorin next asserts the government failed to prove predisposition to commit the crime charged beyond a reasonable doubt. Specifically, Nemorin

claims an alleged confidential informant named Momo exerted pressure on him to participate in the drug sale.[2] Nemorin also restates his argument regarding the admissibility of Clifford Sibilia's testimony.

When an entrapment defense is rejected by the jury, we limit our review to whether the evidence was sufficient for a reasonable jury to conclude that the defendant was predisposed to take part in the illicit transaction. *United States v. Brown*, 43 F.3d 618, 622 (11th Cir. 1995). When a defendant challenges the sufficiency of the evidence for the first time on appeal, we consider the challenge under the plain error standard of review. *See United States v. Hunerlach*, 197 F.3d 1059, 1068 (11th Cir. 1999). Under a plain error review, we only reverse for insufficient evidence to prevent a manifest miscarriage of justice. *United States v. Hamblin*, 911 F.2d 551, 556-57 (11th Cir. 1990).

Nemorin does not argue Sibilia's testimony was insufficient, only that it was inadmissible. As discussed in the previous section, Sibilia's testimony was admissible, and Nemorin's insufficiency argument fails. Moreover, even without Sibilia's testimony, the tape recordings and Nemorin's credibility issues provided

---

[2]Other than Nemorin's own trial testimony, there was no evidence offered to show he was pressured into the drug sale. The jury was free to disbelieve Nemorin's testimony and to rely instead on the testimony of Sibilia. *See U.S. v. Brown*, 43 F.3d 618, 625 (11th Cir. 1995).

sufficient evidence such that a reasonable jury could find Nemorin was predisposed to buy cocaine. Accordingly, we affirm his conviction.

**AFFIRMED.**