[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14804
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2011
JOHN LEY
CLERK

D. C. Docket No. 07-00279-CR-1-CAP-31

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MAGANA ZAVALA,
JOSE MACIAS MARTINEZ,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(January 18, 2011)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jose Magana Zavala appeals his convictions and sentences for conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) (Count 1), conspiring to launder money, in violation of 18 U.S.C. § 1956(h) (Count 20), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 6). Zavala was sentenced to 324 months' imprisonment on Count 1, 240 months' imprisonment on Count 20, to be served concurrently with the sentence on Count 1, and 60 months' imprisonment on Count 6, to be served consecutively with the sentences on Counts 1 and 20, for a total sentence of 384 months' imprisonment. On appeal, Zavala argues that: (1) the entry and search of his residence with an arrest warrant for a third-party suspect, rather than a search warrant for the premises, violated his Fourth Amendment rights; and (2) statutory mandatory minimum sentences in both capital and noncapital cases violate the Eighth Amendment.

In this same case, Jose Macias Martinez appeals his convictions for conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) (Count 1), and conspiring to launder money, in violation of 18 U.S.C. § 1956(h) (Count 20). Macias Martinez was sentenced to 292 months' imprisonment on Count 1 and 240 months' imprisonment on Count 20, to be served concurrently, for a total sentence of 292 months' imprisonment.

2

Macias Martinez argues on appeal that the government provided insufficient evidence to convict him because the evidence established only his presence with others who were engaging in criminal conduct. After careful review, we affirm both Zavala's convictions and sentences, and Macias Martinez's convictions.

Review of a denial of a motion to suppress is a mixed question of law and fact. United States v. Delancy, 502 F.3d 1297, 1304 (11th Cir. 2007). The district court's application of the law to the facts, including whether the police reasonably believed that a suspect resides at a particular location, is reviewed de novo. See United States v. Magluta, 44 F.3d 1530, 1536-37 (11th Cir. 1995). The factual findings of the district court are reviewed for clear error. Id. at 1536, 1537 n.14. When, as in Macias Martinez's case, a defendant does not move the district court for a judgment of acquittal at the close of the evidence, we may reverse the conviction only to prevent a manifest miscarriage of justice. United States v. Hamblin, 911 F.2d 551, 556-57 (11th Cir. 1990). This standard requires that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." United States v. Tapia, 761 F.2d 1488, 1492 (11th Cir. 1985) (quotation omitted). In making this determination, we must view the evidence in the light most favorable to the government and accept all reasonable inferences and

3

credibility determinations that support the jury's verdict. Hamblin, 911 F.2d at 557.

First, we reject Zavala's claim that the district court erred in finding the entry and search of his residence constitutional. Warrantless searches and seizures inside a home are presumptively unreasonable. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). Nonetheless, an arrest warrant for a suspect carries a "'limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within.'" Id. at 1263-64 (quoting Payton v. New York, 445 U.S. 573 (1980)). When entering a residence pursuant to an arrest warrant, the police must have: (1) "a reasonable belief that the location to be searched is the suspect's dwelling," and (2) "'reason to believe' that the suspect is within the dwelling." Id. at 1263 (quotation omitted). "The fact that a suspect may live somewhere else from time to time does not categorically prevent a dwelling from being the suspect's residence." United States v. Bennett, 555 F.3d 962, 965 (11th Cir. 2009). The reasonableness of the belief is evaluated based on "the facts and circumstances within the knowledge of the law enforcement agents, when viewed in the totality. . . ." Magluta, 44 F.3d at 1535. In evaluating the agents' determination that the suspect lives at the residence and is within at the time of the search, "courts must be sensitive to common sense factors indicating a resident's

4

presence." Id.; see Bervaldi, 226 F.3d at 1263 (expanding the review of "common sense factors" to both prongs of the reasonableness inquiry). In Steagald v. United States, law enforcement agents, with an arrest warrant for a third party, entered a defendant's home and discovered cocaine. 451 U.S. 204, 206 (1981). The Supreme Court held that, under the Fourth Amendment, the arrest warrant for the third party was insufficient to justify the entry into the defendant's home. Id. at 222.

Here, based on the presence of the suspect's car, the early hour, and the absence of the suspect at his other suspected residence, the agents had a reasonable belief that the suspect was within the dwelling at the time that they executed the arrest warrant. Furthermore, the agents had a reasonable belief that the dwelling was the suspect's residence based on these factors and the fact that the suspect's car had been located at the dwelling in the week before the search. Therefore, the district court did not err in denying Zavala's motion to suppress.

We likewise find no merit in Zavala's argument that statutory mandatory minimum sentences -- which his drug and firearms convictions carried -- violate the Eighth Amendment. A sentence that is not otherwise cruel and unusual does not violate the Eighth Amendment simply because it is mandatory. Harmelin v. Michigan, 501 U.S. 957, 995 (1991); see United States v. Farley, 607 F.3d 1294,

1343 (11th Cir.) (holding that "the mandatory nature of a non-capital penalty is irrelevant for proportionality purposes"), cert. denied, 131 S.Ct. 369 (2010). The Supreme Court has "drawn the line of required individualized sentencing at capital cases." Harmelin, 501 U.S. at 996. In noncapital cases involving a statutory minimum sentence, "the Eighth Amendment encompasses, at most, only a narrow proportionality principle." United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) (quotation omitted). Only sentences that are "grossly disproportionate" to the crime violate the Eighth Amendment. See Farley, 607 F.3d at 1343 (citing Harmelin, 501 U.S. at 1001 (Kennedy, J., concurring)). We have rejected Eighth Amendment challenges to the imposition of mandatory minimum sentences where the sentence imposed was within statutory limits. See, e.g., United States v. Holmes, 838 F.2d 1175, 1178-79 (11th Cir. 1988) (holding that the mandatory minimum sentences found in 21 U.S.C. § 841(b) were not unconstitutional under the Eighth Amendment); United States v. Reynolds, 215 F.3d 1210, 1214 (11th Cir. 2000) (holding that a mandatory sentence of 15 years under 18 U.S.C. § 924(e) did not violate the Eighth Amendment).

Here, Zavala has failed to demonstrate that his mandatory minimum sentences were unconstitutional, as he makes no argument as to proportionality. Moreover, his argument that mandatory minimum sentences in general violate the

Eighth Amendment is foreclosed by caselaw from this Circuit and the Supreme Court.

We also are unpersuaded by Macias Martinez's challenge to his conviction. "To sustain a conviction for conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it." United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001). To convict a defendant of conspiracy to commit money laundering, the government must prove that (1) there was an agreement to launder money, and (2) the defendant, knowing the unlawful plan, voluntarily joined the conspiracy. See United States v. Johnson, 440 F.3d 1286, 1294 (11th Cir. 2006).

"Although mere presence at the scene of a crime is insufficient to support a conspiracy conviction, presence nonetheless is a probative factor which the jury may consider in determining whether a defendant was a knowing and intentional participant in a criminal scheme." McDowell, 250 F.3d at 1365. A defendant's participation in a criminal conspiracy may be inferred from circumstantial evidence. See United States v. Khoury, 901 F.2d 948, 962 (11th Cir. 1998). However, where the case is based on circumstantial evidence, "reasonable

7

inferences, not mere speculation, must support the jury's verdict." <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1557 (11th Cir. 1994).

Based on the evidence at trial, the jury could have reasonably concluded that Macias Martinez knew that nearly $2.4 million, which was hidden in hollowed-out doors on top of his business's truck, came from the sale of cocaine. As the evidence showed, Macias Martinez was at a drug stash house earlier that day, multiple kilograms of cocaine were delivered to that house, and Macias Martinez helped package and load a substantial amount of money into the doors on top of the truck. Accordingly, he fails to show that his conviction was a manifest miscarriage of justice.

**AFFIRMED.**