[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15138
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00260-KOB-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE WILLIAM WHEELER,
a.k.a. Chi Chi,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 5, 2011)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

George Wheeler appeals his conviction for one count of conspiracy to

possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1),

846. He contends that the district court improperly admitted evidence under Federal Rule of Evidence 404(b). Wheeler also challenges the district court's denial of his Federal Rule of Criminal Procedure 29 motion for judgment of acquittal and the sufficiency of the evidence to support his conviction. After review, we affirm.

I.

Wheeler contends that the district court improperly admitted evidence under Federal Rule of Evidence 404(b), namely Will and Demetrius Hines' testimony concerning his participation in a prior marijuana transaction. The Hines brothers testified that in 2008 Wheeler was fronted 300–350 pounds of marijuana from a Mexican supplier, with the obligation to pay for it later. When Wheeler was unable to pay for the marijuana, Will Hines paid the supplier $100,000 owed by Wheeler. Wheeler asserts that the Hines brothers' testimony was improperly admitted because its prejudicial impact outweighed its probative value.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Bowe, 221 F.3d 1183, 1192 (11th Cir. 2000). Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character "in order to show action in conformity therewith." Fed. R. Evid. 404(b). That evidence "may, however, be admissible for other purposes,

such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.

In order for extrinsic evidence of other crimes to be admissible, three conditions must be met: (1) "the evidence must be relevant to an issue other than the defendant's character"; (2) "the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act"; and (3) "the probative value of the evidence must not be substantially outweighed by unfair prejudice." United States v. Calderon, 127 F.3d 1314, 1330 (11th Cir. 1997).

The district court did not abuse its discretion by admitting the challenged Rule 404(b) evidence. First, by pleading not guilty to the conspiracy charge, Wheeler made his intent a material issue in the case. See United States v. McNair, 605 F.3d 1152, 1203 (11th Cir. 2010) ("In every conspiracy case, a not guilty plea renders the defendant's intent a material issue." (alteration and quotation marks omitted)). Second, the Hines brothers' testimony concerning Wheeler's participation in a prior marijuana transaction provided a sufficient basis for the jury to find that Wheeler actually committed the act in question. See Bowe, 221 F.3d at 1192 ("In this circuit, the uncorroborated word of an accomplice . . . provides a sufficient basis for concluding that the defendant committed extrinsic acts admissible under Rule 404(b).").

3

Finally, the probative value of the evidence was not outweighed by unfair prejudice. "[W]hether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense." United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) (citation omitted). Relevant circumstances include "overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003) (quotation omitted). Although Wheeler's extrinsic act involved marijuana instead of cocaine, the circumstances of that act and those of the charged offense exhibit numerous similarities. The similarities include negotiation for the purchase of narcotics; a transaction involving a larger amount of narcotics than would be customary for personal use; payment of thousands of dollars in cash; and the presence of Wheeler's young son in the car. The evidence was also probative because the extrinsic act occurred less than two years before the charged conspiracy and thus was not too remote for proper consideration. See Edouard, 485 F.3d at 1345–46 (two year time span did not render the extrinsic acts too remote for proper consideration). Moreover, any unfair prejudice that may have existed was mitigated by the limiting instruction that the district court gave to the jury. See United States v. Duran, 596 F.3d 1283,

4

1298 (11th Cir. 2010). For these reasons, the district court did not abuse its discretion in admitting the 404(b) evidence.[1]

## II.

Wheeler also argues that the district court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal. Wheeler made his Rule 29 motion after the government rested its case, but failed to renew the motion after he presented his case. Because Wheeler did not renew his motion at the close of the evidence, we may reverse his conviction on the ground of insufficiency of the evidence "only to prevent a manifest miscarriage of justice." United States v. Burston, 159 F.3d 1328, 1332 n.5 (11th Cir. 1998) (quotation marks omitted). The "manifest miscarriage of justice" standard requires "a finding that the evidence on a key element of the offense is so tenuous that a conviction would be shocking." United States v. Hamblin, 911 F.2d 551, 557 n.2 (11th Cir. 1990) (quotation marks

---

[1] Wheeler asserts that the district court improperly admitted Robert Treadwell's testimony under Rule 404(b). Treadwell testified that he overheard Wheeler discussing details of the charged offense with Will Hines, while all three were incarcerated in the Morgan County jail. Rule 404(b) only applies to evidence that is "extrinsic" to the charged offense. See Edouard, 485 F.3d at 1344. Because it related to the charged offense, Treadwell's testimony fell outside the scope of Rule 404(b). Further, as set forth below, there was overwhelming evidence of Wheeler's guilt. Thus, any error in admitting Treadwell's testimony was harmless. See United States v. Gamory, 635 F.3d 480, 492 (11th Cir. 2011) (explaining that "[w]here a District Court abuses its discretion in admitting evidence, we may still find the error harmless"); United States v. Belfast, 611 F.3d 783, 816 (11th Cir. 2010) ("[W]here an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted." (quotation marks omitted)).

omitted). In making that determination, we view "the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor." United States v. Friske, 640 F.3d 1288, 1291 (11th Cir. 2011) (quotation marks omitted).

"To sustain a conviction for conspiracy to possess with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it." United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005) (quotation marks omitted). "[A] common purpose and plan may be inferred from a development and collocation of circumstances." United States v. McDowell, 250 F.3d 1354, 1365 (11th Cir. 2001) (quotation marks omitted). "Although mere presence at the scene of a crime is insufficient to support a conspiracy conviction, presence nonetheless is a probative factor which the jury may consider in determining whether a defendant was a knowing and intentional participant in a criminal scheme." Hernandez, 433 F.3d at 1333 (quotation marks omitted).

Here, there was ample evidence that Wheeler knowingly and voluntarily participated in the charged conspiracy. Wheeler met with a government informant and an alleged co-conspirator on more than one occasion to arrange a sale of

6

cocaine. During those meetings, Wheeler bargained over both the price and quantity of the cocaine. On the agreed upon day of the transaction, Wheeler drove to the delivery location, inspected the cocaine, and then left to obtain the purchase money from his prospective buyers. Wheeler returned to the delivery location several hours later with a portion of the money, explaining that his buyers wanted to inspect the cocaine before paying the full amount.

Although Wheeler testified that he did not intend to buy the cocaine, the jury was free to discredit his testimony and consider it as substantive evidence of his guilt. "We have recognized that a statement by a defendant, if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt." United States v. McDowell, 250 F.3d 1354, 1367 (11th Cir. 2001) (quotation marks omitted); see also United States v. Allison, 908 F.2d 1531, 1535 (11th Cir. 1990) ("The jury may view [a] defendant's false explanatory statement as substantive evidence proving guilt."). Viewing the evidence in the light most favorable to the verdict, we conclude that there was sufficient evidence to support Wheeler's conviction.

For these reasons, we affirm Wheeler's conviction.

AFFIRMED.