[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2012
JOHN LEY
CLERK

No. 11-11420
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00353-JDW-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RADHAMES ANTONIO OROPEZA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 27, 2012)

Before DUBINA, Chief Judge, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Radhames Antonio Oropeza appeals his conviction for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371. He argues that the government did not present sufficient evidence to prove that he intended to defraud his adopted son, Markus Min Ho Kim ("Kim"), regarding several bank transactions. Rather, he contends that most of the evidence presented concerned his wife, Asia's, alleged misconduct.

If a defendant moves for a judgment of acquittal at the close of the government's case in chief, but fails to renew his motion at the close of all the evidence, we review the evidence for a manifest miscarriage of justice. *United States v. Edwards*, 526 F.3d 747, 755-56 (11th Cir. 2008); *United States v. Williams*, 144 F.3d 1397, 1402 (11th Cir. 1998). We will only reverse if we conclude that "the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Tagg*, 572 F.3d 1320, 1323 (11th Cir. 2009) (internal quotation marks omitted). To make that decision, we view the evidence in the light most favorable to the government, and accept every reasonable inference and credibility determination supporting the jury's verdict. *United States v. Hamblin*, 911 F.2d 551, 556-57 (11th Cir. 1990).

Credibility questions are for the jury, and we will assume that the jury answered them in a manner that supports the jury's verdict. *United States v.*

*Jiminez*, 564 F.3d 1280, 1285 (11th Cir. 2009); *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006). A defendant's own testimony, if disbelieved by the jury, may be considered substantive evidence of his guilt. *Jimenez*, 564 F.3d at 1285. Moreover, inconsistent jury verdicts do not necessarily justify reversal. *United States v. Powell,* 469 U.S. 57, 65, 105 S. Ct. 471, 477, 83 L. Ed. 2d 461 (1984) (noting that inconsistent verdicts often reflect exercise of lenity). We have held that the offenses of conspiracy and substantive fraud are not "coterminous" and that, because the elements of the offenses are different, a jury could reasonably have acquitted on one charge and convicted on the other. *See United States v. Funt*, 896 F.2d 1288, 1293 (11th Cir. 1990).

To sustain Oropeza's conviction for conspiracy to commit wire fraud, we must conclude that the government offered enough evidence to prove beyond a reasonable doubt: (1) the existence of an agreement between Oropeza and Asia to defraud Kim; (2) Oropeza's knowing and voluntary participation in the conspiracy; and (3) an overt act by a conspirator in furtherance of the agreement. *See United States v. White*, 663 F.3d 1207, 1214 (11th Cir. 2011). The words "to defraud" mean "the deprivation of something of value by trick, deceit, chicane, or overreaching." *United States v. Barrington*, 648 F.3d 1178, 1191 (11th Cir. 2011) (internal quotation marks omitted), *cert. denied*, 132 S. Ct. 1066 (2012). "A

scheme to defraud requires proof of material misrepresentations, or the omission or concealment of material facts . . . reasonably calculated to deceive persons of ordinary prudence." *United States v. Hasson*, 333 F.3d 1264, 1270-71 (11th Cir. 2003) (citations omitted). A fraudulent scheme may include "delaying detection of the fraud by lulling the victim" after obtaining the benefit. *See United States v. Hill*, 643 F.3d 807, 859 (11th Cir. 2011) (internal quotation marks omitted), *petition for cert. filed*, ___ U. S.L.W. ___ (U.S. Mar. 19, 2012) (No. 11-9553). "The very nature of conspiracy frequently requires that the existence of an agreement be proved by inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme." *United States v. Molina*, 443 F.3d 824, 828 (11th Cir. 2006) (internal quotation marks omitted).

We conclude from the record that there was sufficient evidence such that a reasonable jury could find that Oropeza was guilty beyond a reasonable doubt. Therefore, he is not entitled to reversal of his conviction in order to prevent a manifest miscarriage of justice.

Accordingly, we affirm Oropeza's conviction.

**AFFIRMED.**